NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0002n.06

No. 09-1647

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SAM BROOKS, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| BLAINE LAFLER, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |

**FILED**

*Jan 04, 2012*

LEONARD GREEN, Clerk

**Before:** **KEITH, SUTTON, and McKEAGUE, Circuit Judges.**

**PER CURIAM.**

This case concerns a petition for writ of habeas corpus. On the day his case was set for trial, Defendant-Appellant Sam Brooks ("Brooks") requested new counsel. The trial court denied his request. Having unsuccessfully sought relief in state court, Brooks now asks this Court for a writ of habeas corpus. Brooks argues that the trial court violated his Sixth Amendment rights by failing to conduct a proper inquiry into whether there was good cause for a substitution of counsel. For the reasons discussed below, we deny his request for habeas relief.

**I.**

Brooks was charged with assault with intent to murder, possession of a firearm during the commission of a felony, felon in possession of a firearm, and other related charges. On September 7, 2004, the day his case was set for trial, Brooks was offered a plea deal. Prior to rejecting or

accepting the offer, Brooks requested that the court appoint new counsel. The following colloquy

occurred:

| | |
|---|---|
| Court: | Anything else that you want to talk to me about? |
| Brooks: | Yes. Is it possible that I could get another lawyer? |
| Court: | For what reason? |
| Brooks: | Because I feel that she's not representing me right. |
| Court: | Well, I don't—is that because you're not getting the offer that you want? |
| Brooks: | No, sir. |
| Court: | Well, Mr.— |
| Brooks: | There are some things that I requested and I haven't received. |
| Defense Counsel: | Let's hear what he requested. |
| Brooks: | Oh, my papers that she received, she gave me yesterday. And plus, out of the times I've been due in court, I've only seen her four times. |
| Defense Counsel: | Judge, I've been to see Mr. Brooks. I have a receipt for— |
| Brooks: | Twice. |
| Defense Counsel: | —back on June 21st, where I gave him the discovery. And I provided him with additional discovery—just so the record is clear—additional discovery. And you know, I'm fully prepared to try this case. I've read the transcript, I've been in touch with Mr. Jansen and talked to him about the case, and he gave me Investigative Subpoenas and things like that. |

> Although I may not have been sitting in front of Mr. Brooks when those things occurred, I've been working on his case, and I'm aware that he might not like my assessment of the evidence, but he should know that any other lawyer is going to make the same assessment.

Court: All right. I would deny your motion to recuse [defense counsel]. I think that—know that if [defense counsel] was not prepared or she felt that there was some kind of issue, she would bring it up to me, because she's not going to try a case that's this serious—believe it or not, she cares about you.

She cares about every client she has; I know [her], that's how she feels. This is very important to her, I guarantee you, she's prepared.

Brooks rejected the plea offer, waived a jury trial and proceeded with a bench trial. The court found Brooks guilty of assault with intent to murder, possession of a firearm during the commission of a felony, and felon in possession of a firearm, and imposed a sentence which Brooks does not challenge. Rather, Brooks filed an appeal in state court claiming that the trial court violated his Sixth Amendment right to counsel by not conducting an adequate "good cause" inquiry following his request for new counsel. The Michigan Court of Appeals affirmed the conviction and sentence in an unpublished order on December 13, 2005. The Michigan Supreme Court denied Brooks leave to appeal on April 28, 2005.

On September 22, 2006, Brooks filed a habeas petition in federal district court pursuant to 28 U.S.C. § 2254. The district court denied the petition and granted a certificate of appealability on the Sixth Amendment issue now before this Court.

3

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides federal court remedies for persons held in state custody in violation of the Constitution or federal laws. If a claim was adjudicated on the merits in state court, AEDPA provides that a writ of habeas corpus may only issue if the adjudication resulted in a decision that was either: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Brooks does not argue that the trial court's actions were based on an unreasonable determination of the facts, and we therefore need not address that prong of AEDPA. A state court decision is contrary to clearly established law if the state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or arrives at a result opposite to the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

## III.

Brooks claims that the state court violated his Sixth Amendment right to counsel when it denied his request for new counsel without a sufficient inquiry into good cause, and that, as a result, he is entitled to habeas relief. We disagree. Supreme Court precedent does not afford Brooks the absolute right to have the counsel of his choosing, and, as explained below, the Sixth Circuit precedent that lends his claim support does not resolve this case.

The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of Counsel for his defense." U.S. Const. amend. VI. In *Powell*

4

*v. Alabama*, the Supreme Court recognized that "a defendant should be afforded a fair opportunity to secure counsel of his own choice." 287 U.S. 45, 53 (1932). The Sixth Amendment also guarantees "a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-625 (1989). However, "the right to choose one's own counsel is circumscribed in several important respects." *Wheat v. United States*, 486 U.S. 153, 159 (1988). The Supreme Court has held that "while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Id*.

In order for Brooks to prevail, he must demonstrate that the state court decision was contrary to clearly established law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). For the purposes of AEDPA, however, the clearly established law does not indicate that the trial court had a duty to conduct a good cause inquiry before determining whether to grant or deny Brooks's request for new counsel. Indeed, the Supreme Court has held that the Sixth Amendment "guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale*, 491 U.S. at 624. Brooks, therefore, had a right to be represented by the counsel of his choice only if he could afford to hire that counsel, or if that counsel was willing to represent him regardless of his inability

5

to pay. Here, Brooks made no mention of having retained or planning to retain counsel on his own. Instead, he requested that his court appointed lawyer be replaced. Given these facts, the new counsel Brooks sought would have been, in all likelihood, court appointed. To the extent that Brooks would invoke *Caplin* because his representation was inadequate, we are unpersuaded. Nothing before us suggests that Brooks's counsel did not represent him "adequately." *Id.* Brooks sought a new attorney because he did not receive discovery materials in a manner he found timely and because his attorney did not meet with him as often as he would have liked. These allegations do not implicate the Supreme Court's instruction that those with no means to hire counsel do, indeed, have just cause for constitutional complaint if their representation is subpar and they suffer prejudice as a result. *See Evitts v. Lucey*, 469 U.S. 387, 395-96 (1985).

Brooks directs us to *Benitez v. United States*, in which we stated that once a defendant wishing to substitute counsel brings "any serious dissatisfaction . . . to the attention of the district court," the court "is obligated to inquire into the defendant's complaint and determine whether there is good cause for the substitution." 521 F.3d 625, 632 (6th Cir. 2008) (internal quotations and citations omitted). True though this may be, and regardless whether the district court's inquiry was sufficient under *Benitez*, we are not permitted to base our decision on that case. Rather, as we have explained, Brooks's habeas petition rises or falls on the existence of clearly established law as determined by the Supreme Court. Because Brooks offers no such law supporting his claim, and we are unaware of any such law, he has not shown that he is entitled to relief under AEDPA. *See* 28 U.S.C. § 2254(d)(1).

**IV.**

For the foregoing reasons, we **AFFIRM** the denial of Brooks's habeas petition.